## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

| | | |
|---|---|---|
| HAYES LEMMERZ INTERNATIONAL-GEORGIA, INC., | : : : | |
| | : | |
| Plaintiff, | : : | CIVIL ACTION NO. 2:09-CV-00021-RWS |
| v. | : : | |
| PUNCH PROPERTY INTERNATIONAL NV, | : : | |
| | : | |
| Defendant. | : | |

## <u>ORDER</u>

This case is before the Court for consideration of Defendant's Motion for

Leave to File Second Amended Answer and Counterclaims [83].  After

reviewing the record, the Court enters the following Order.

Pursuant to Federal Rule of Civil Procedure 15(a), after a responsive

pleading has been filed, a party may amend its pleading only by leave of court

or written consent of the adverse party.  The rule also provides, "leave shall be

freely given when justice so requires." Even so, granting leave to amend is not

automatic.  <u>Faser v. Sears Roebuck & Co.</u>, 674 F.2d 856, 860 (11th Cir. 1982);

<u>Underwriters at Interest on Cover Note JHB92M10582079 v. Nautronix, Ltd.</u>,

79 F. 3d 480, (5th Cir. 1996) ("[A]pproval of motion to amend is not

automatic"); <u>Ashe v. Corley</u>, 992 F. 2d 540, 542 (5th Cir. 1993) ("[L]eave to amend is by no means automatic").  Although the rule states "leave shall be freely given when justice so requires," leave to amend is "by no means automatic." <u>Layfield v. Bill Heard Chevrolet Co.</u>, 607 F.2d 1097, 1099 (5th Cir. 1979). Indeed, district courts have "extensive discretion" in deciding whether to grant leave to amend and may choose not to allow a party to amend "when the amendment would prejudice the defendant, follows undue delays or is futile." <u>Campbell v. Emory Clinic</u>, 166 F.3d 1157, 1162 (11th Cir. 1999).

Defendant seeks to amend its Counterclaim to include allegations regarding entries in the accounts receivable of HL Belgium that Defendant alleges falsely represent the age of accounts of General Motors.  Defendant alleges that these false representations were made with intent to cause Punch International and Punch Property to enter into the Share Agreement and Property Agreement.  Defendant asserts that it filed its Motion as soon as it realized that there were discrepancies in the records.  Defendant further asserts that it would be prejudiced by not being permitted to include these allegations in its claim against Plaintiff.

2

Plaintiff opposes the Motion asserting that Defendant has unduly delayed the filing of the proposed amendment.  Exhibit 62, which is the basis for Defendant's allegations, was initially printed from the records in June 2008 and has been in the possession of a representative of Defendant's parent company since that time.  Thus, while Defendant has had the information available to it, it simply failed to properly review the information.  Further, Plaintiff asserts that it will be unduly prejudiced if Defendant is permitted to amend its counterclaim.  There has already been substantial delay in the case, and Plaintiff is concerned that the Amendment will require additional discovery and delay disposition of the case.  Plaintiff also asserts that the Amendment would be futile.

The Court concludes that Defendant has unduly delayed its request to amend its Counterclaim.  Further, the Court finds that Plaintiff would be unduly prejudiced by additional delay in this case.  Therefore, Defendant's Motion for Leave to File Second Amended Answer and Counterclaims [83] is **DENIED**.

The parties are **ORDERED** to confer in an effort to agree to a scheduling order for the remainder of the case.  If they are unable to reach agreement

AO 72A
(Rev.8/82)

within 10 days of the entry of this Order, each party shall submit its proposed scheduling order to the Court for consideration.

**SO ORDERED**, this __9th__ day of March, 2012.


RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

4